UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEREK MORTLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-00362-HAB-SLC |
| | ) |
| JAIKAR LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the parties' proposed stipulated protective order (ECF 21), which the Court deems to be a motion for entry of the stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is inadequate in several aspects, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[1] A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, in § I.1, the proposed order seeks to seal all documents "which contain[] sensitive

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order's language contemplates filing documents under seal without further court approval (ECF 21 § IV.5), it requires a higher level of scrutiny.

or confidential business information and/or trade secrets, the public disclosure of which would cause harm to the producing party . . . ." This language creates an overly broad protective order right from the outset. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-CV-365 PPS, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

And while § I.1 goes on to describe various categories of documents the parties wish to seal, some of these categories of business information are overly broad or vague. (*See, e.g.*, ECF 21 § I.1(c) ("Proprietary information relating to professional agreements, management, marketing, branding, and/or design, which contains trade secrets and other confidential information."), (d) ("Identifying and confidential information regarding [Defendant] and/or its current and/or former employees, shareholders, officers, directors, partners, investors, customers, vendors, subsidiaries, affiliates, agents, representatives, assignees, predecessors, successors, or any other entity or person associated with [Defendant], including personnel files."), (g) ("Financial information and analyses."), (j) ("Current or ongoing financial results, plans and projections.")). Compounding the problem, the proposed definition of "Protected Documents" is not limited to these categories, but rather, "includ[es]" them. (*Id.* § I.1). The parties "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in

litigation they must be revealed." *Baxter Int'l*, 297 F.3d at 547.

The problems continue into § I.2. The first sentence there seeks to seal "[a]ny document encompassing the above information that contains information not readily available to the public." (ECF 21 § I.2).[2] However, "that information is not available to the general public . . . is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249. The second sentence of § I.2 is also problematic, stating: "This provides a *non-exclusive basis* for designating these documents as confidential and, therefore, protected material." (ECF 21 § I.2 (emphasis added)). This sentence reinforces that "Protected Documents" are not necessarily limited to the categories listed in the proposed order.

The proposed order also incorporates "fudge" phrases, enabling a party to designate information as confidential if it "reasonably and in good faith believes" that the information is entitled to protection. (*Id.* § II.1). This compounds the vagueness of the already overly-broad proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Moving on, §§ V.1 and V.4 should make clear that the requirement that a non-party sign

---

[2] Actually, § I.2 begins with an incomplete sentence, which should be remedied in any future revised proposed order.

3

the acknowledgment attached to the protective order prior to receiving Protected Documents does not apply to the Court or Court personnel. Likewise, the sanctions suggested in §§ III.3 and IV.4 for violations of the use or disclosure of Protected Documents, and the duty to return or destroy Protected Documents in § VIII.2 should not apply to the Court or Court personnel. The Court is unwilling to adopt language that could suggest the Court or its personnel agrees to be bound as a third-party to the terms of the proposed order. The Court treats any information filed under seal or *in camera* in accordance with its applicable rules and policies.

And while the parties agree that the protective order will remain in force after termination of the suit (ECF 21 §§ III.2, VIII.1), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010). Therefore, §§ III.2 and VIII.1 suggesting that the Court retain jurisdiction over the Order after termination of this suit are unacceptable.

Finally, § X, which addresses modifications of the protective order's terms, should make clear that the Court may also amend the terms of the order *sua sponte*.

For these reasons, the Court DENIES the motion for entry of the proposed stipulated protective order without prejudice. (ECF 21). The parties may submit a motion with a revised

proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 19th day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge